RECEIVED

NOV 1 3 2025

CLERK, U.S. DISTRICT COURT
ST. PAUL, MINNESOTA

# UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

Moirsche Sibley,

Plaintiff, pro se

v.

Christa Rutherford (in her individual capacity),

Officer Nick Grundhouser (in his individual capacity),

John Doe Supervisors 1–10 (in their individual capacities), and

Supervisors of Court Administration & Minnesota State Patrol (in their official capacities for prospective relief),

Defendants.

Case No. ___25-cv-4331-ADM/SGE___

# COMPLAINT

---

## I. Jurisdiction and Venue

1. This action arises under 42 U.S.C. §§ 1983, 1985, and the First, Fourth, and Fourteenth Amendments to the United States Constitution.

2. Jurisdiction is proper under 28 U.S.C. §§ 1331 and 1343.

3. Venue is proper in the District of Minnesota because all events giving rise to this action occurred within this district.

---

## II. Parties



SCANNED
NOV 1 3 2025
U.S. DISTRICT COURT ST. PAUL

- Plaintiff: Moirsche Sibley, a resident of Brooklyn Park, Minnesota.

- Defendant Christa Rutherford: Clerk of Court, sued in her individual capacity for acts that were malicious, outside lawful authority, and not within the scope of employment.

- Defendant Officer Nick Grundhouser: Minnesota State Patrol, sued in his individual capacity for acts that were willful, retaliatory, and beyond the scope of duty.

- Defendant John Doe Supervisors 1–10: Unknown supervisors and trainers, sued in their individual capacities for deliberate indifference and failure to correct unconstitutional practices.

- Defendant Supervisors of Court Administration & State Patrol (official capacity): Sued solely for prospective injunctive relief to prevent ongoing violations.

## III. Statement of Facts

1. On June 20, 2025, Plaintiff attempted to file an interlocutory appeal at the Minnesota Court of Appeals.

2. Rutherford maliciously and knowingly refused to accept the filing. She had no judicial order, no statute, and no discretion to reject it. Filing documents is a ministerial duty.

3. Rutherford falsely accused Plaintiff of causing a disturbance and directed Grundhouser to remove Plaintiff from the courthouse. Grundhouser complied, without lawful authority or judicial order.

4. On June 26, 2025, Plaintiff again attempted to file. Rutherford again refused acceptance and again ordered Grundhouser to remove Plaintiff.

5. These acts were deliberate, retaliatory, and malicious, designed to deny Plaintiff access to the courts and suppress constitutionally protected activity.

6. Body-worn camera footage confirms Rutherford's refusals and Grundhouser's enforcement of her unlawful directives.

7. The misconduct reflects a systemic and ongoing practice tolerated by supervisors who failed to train or discipline staff, creating a continuing risk of unlawful exclusion of pro se litigants.

## IV. Causes of Action

Count I – First Amendment (Right to Petition the Government)

Defendants maliciously retaliated against Plaintiff for exercising his right to petition the government and access the courts.

Count II – Fourteenth Amendment (Due Process – Access to Courts)

By knowingly and willfully denying access to the court system, Defendants violated Plaintiff's fundamental right of access.

Count III – Fourth Amendment (Unlawful Seizure)

Grundhouser's removal of Plaintiff, based solely on Rutherford's unlawful directive and not on a judge's order or probable cause, constituted an unreasonable seizure.

Count IV – Equal Protection

Plaintiff, as a pro se litigant, was treated differently than represented litigants, evidencing malicious discrimination.

Count V – Supervisory Liability (John Does)

Supervisors acted with deliberate indifference, failing to train, supervise, or intervene to prevent misconduct they knew or should have known was occurring.

Count VI – Prospective Injunctive Relief (Ex parte Young)

To prevent ongoing violations, Plaintiff seeks injunctive relief against supervisory defendants in their official capacities requiring:

- Mandatory acceptance of all filings unless rejected by a judge in writing;

- Training to prohibit malicious denial of filings;

- Clear policies forbidding retaliation against pro se litigants.

---

## V. Relief Requested

Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendants, jointly and severally, and grant the following relief:

1. Compensatory damages in the amount of $40,000,000 for violations of Plaintiff's constitutional rights;

2. Punitive damages in an amount to be determined by a jury, to punish Defendants for their malicious, willful, and retaliatory acts and to deter similar misconduct in the future;

3. Declaratory judgment that Defendants' actions were outside the scope of their lawful duties and violated Plaintiff's constitutional rights;

4. Prospective injunctive relief against supervisory defendants in their official capacities to ensure:

   ○ Mandatory acceptance of filings unless rejected by a judge in writing;

   ○ Training of clerks and law enforcement staff to prohibit denial of filings;

   ○ Policies forbidding retaliation against pro se litigants;

5. Costs of this action and any additional relief the Court deems just and proper.

---

## VI. Jury Demand

Plaintiff demands trial by jury on all issues so triable.

---

Respectfully submitted,

Dated: September 29, 2025

/s/ Moirsche Terrell Sibley

7808 Beard Ave N

Brooklyn Park, MN 55443

Phone: 773-885-6211

Email: moirsches@gmail.com

Plaintiff, Pro Se